# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELZIE JOHNSON, #A-62145, )
                                       )
      **Plaintiff,**                )
                                       )
vs.                                       )       CASE NO. 10-cv-886-MJR
                                       )
ILLINOIS DEPT. OF CORRECTIONS, )
et al.,                              )
                                       )
      **Defendants.**

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Shawnee Correctional Center at all times relevant to this action, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). Plaintiff wrote a grievance in November 2009 regarding good time credit and gave it to Defendant Wettig, who did not process the grievance. Plaintiff then wrote a grievance regarding this inaction and gave it to Defendant Rhine, but the grievance went unanswered. Plaintiff then wrote a grievance to Defendant Summers, but this grievance was returned to Plaintiff unanswered. Plaintiff notified Defendant Hathaway that his grievances were being ignored, but nothing came of it.

On August 29, 2010, Plaintiff gave a grievance relating to an unspecified subject directly to Defendant Martin, stating that he was concerned that otherwise it would go unanswered. The next day, Plaintiff was transferred to segregation for unspecified offenses. After being released from segregation, Plaintiff sent complaints to the Illinois Department of Corrections offices stating that the above named Defendants were taking unfair advantage of the grievance procedure.

**Discussion:**

Plaintiff contends that his grievances are being ignored by Defendants Hathaway, Wettig, Summers, Rhine, and Martin, and that Defendant Illinois Department of Corrections has failed to remedy the matter. The Illinois Administrative Code sets out the prison grievance procedure to be

followed by committed persons. *See* 20 Ill. Adm.Code § 504.800 *et seq*. An inmate first must take his complaint to a correctional counselor for informal resolution. If this does not resolve the problem, he is to file a written grievance on an institutional form within sixty days of the incident or occurrence complained of, and that grievance should be addressed to the Grievance Officer. Each institution has one or more designated Grievance Officers who review such grievances. Should the Grievance Officer determine that the grievance is without merit, it may be denied, and returned to the inmate without need for further investigation. Where the grievance is with merit, the Grievance Officer reports his or her findings and recommendations to the Chief Administrative Officer, *i.e.*, the warden, and the warden is to advise the inmate of his or her decision within two months after receipt of the grievance, "where reasonably feasible under the circumstances."

The inmate may appeal the warden's disposition of the grievance in writing to the Director of the Department of Corrections within 30 days of the warden's decision. The Director reviews the grievance and the responses of the Grievance Officer and warden, and determines whether the grievance requires a hearing before the Administrative Review Board ("ARB"). If it is determined that the grievance is without merit or can be resolved without a hearing, the inmate is to be advised of this disposition in writing. Otherwise, the grievance is referred to the ARB, which may hold hearings and examine witnesses. The ARB submits a written report of its findings and recommendations to the Director, and the Director then makes a final determination within six months after receipt of the appealed grievance, "where reasonably feasible under the circumstances." 20 Ill.Adm.Code §§ 504.810-850.

In the case at bar, Plaintiff wrote grievances to Defendant Wettig, completing the first step of informing a correctional officer of the problem. Plaintiff then completed the second step by

3

writing grievances to a Grievance Officer when he sent his grievances to Defendant Rhine. Plaintiff even went a step further and sent his grievances to Defendant Summers, the Clinical Services Supervisor. Plaintiff then completed the next step by sending his grievances to Defendant Hathaway, the warden, when he was unhappy with the results. Plaintiff states that he then sent his complaints to the Illinois Department of Corrections, which is the next necessary step to exhaustion.

It was at this step that the Director of the Department could have elected to send the grievances to the Administrative Review Board. However, Plaintiff does not allege that this action was taken, so the Court must assume that the Director made the determination that the grievances did not warrant such action. Plaintiff's grievances were effectively denied at this stage in the proceedings. Although Plaintiff no doubt felt that his grievances had merit, a cause of action does not arise where a plaintiff files a grievance and simply disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Plaintiff's grievances were appealed to the highest authority, who determined that they were without merit. Plaintiff does not have a cause of action based on the outcome of his appeal. For this reason, this claim against Defendants Hathaway, Wettig, Summers, Rhine, Martin, and Illinois Department of Corrections is dismissed with prejudice.

Plaintiff next alleges that he was transferred to segregation in retaliation for filing grievances. Plaintiff states that he filed a grievance with Defendant Martin and was transferred the next day to segregation. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005

(7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* A complaint that provides a short, clear statement of the relevant facts complies with the federal rules of civil procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

Here Plaintiff has stated the reason for the retaliation:he filed a grievance and was placed in segregation the following day. This is enough to state a claim for retaliation at this point in the litigation, and for this reason this claim against Defendant Martin cannot be dismissed at this time.

**Unnamed Parties:**

Plaintiff has listed Defendants Kluge, Ganer, Shawnee Correctional Center, and Shawnee Correctional Center Business Office in the caption of his complaint, but has not listed them elsewhere in the complaint. The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right

to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not discussed the actions taken by Defendants Kluge, Ganer, Shawnee Correctional Center, and Shawnee Correctional Center Business Office elsewhere in his complaint, they are not adequately put on notice of the claims Plaintiff may have against them. As a result, Defendants Kluge, Ganer, Shawnee Correctional Center, and Shawnee Correctional Center Business Office are dismissed from this action without prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **HATHAWAY, WETTIG, SUMMERS, RHINE,** and **ILLINOIS DEPARTMENT OF CORRECTIONS** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **KLUGE, GANER, SHAWNEE CORRECTIONAL CENTER,** and **SHAWNEE CORRECTIONAL CENTER BUSINESS OFFICE** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **MARTIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of

formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer

or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 23, 2011**

**/s/ MICHAEL J. REAGAN**
**U.S. DISTRICT JUDGE**